Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# Aug 05, 2026

SEAN F. McAVOY, CLERK

Derek Taylor
Office of the United States Attorney for the
Eastern District of Washington
United States Department of Justice
P.O. Box 1494
Spokane, Washington
Phone:  509-835-6319
Email: Derek.Taylor@usdoj.gov
*Attorney for the United States of America*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KX WHEELS,<br>658736 B.C. LTD,<br>PHILIP SWEENEY,<br>STUART MCKEOWN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT DECREE

*United States v. KX Wheels et al.*          1
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ..................................................................................4
II.     APPLICABILITY.....................................................................................................5
III.    DEFINITIONS..........................................................................................................6
IV.     CIVIL PENALTY......................................................................................................9
V.      COMPLIANCE REQUIREMENTS...........................................................................10
VI.     REPORTING REQUIREMENTS ..............................................................................11
VII.    STIPULATED PENALTIES ......................................................................................13
VIII.   FORCE MAJEURE ..................................................................................................17
IX.     DISPUTE RESOLUTION .........................................................................................19
X.      INFORMATION COLLECTION AND RETENTION .................................................22
XI.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS.......................................24
XII.    ENFORCEMENT IN BRITISH COLUMBIA, CANADA ...........................................26
XIII.   COSTS ....................................................................................................................26
XIV.    NOTICES.................................................................................................................26
XV.     EFFECTIVE DATE...................................................................................................27
XVI.    RETENTION OF JURISDICTION.............................................................................27
XVII.   MODIFICATION .....................................................................................................28
XVIII.  TERMINATION.......................................................................................................28
XIX.    PUBLIC PARTICIPATION ......................................................................................29
XX.     SIGNATORIES/SERVICE........................................................................................30
XXI.    INTEGRATION .......................................................................................................30
XXII.   HEADINGS ............................................................................................................30
XXIII.  FINAL JUDGMENT ................................................................................................31
XXIV.   APPENDICES .........................................................................................................31

*United States v. KX Wheels et al.*          2
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action concurrently with this Consent Decree alleging that Defendants, KX Wheels, 658736 B.C. LTD, Philip Sweeney, and Stuart McKeown violated Section 203 of the Clean Air Act ("Act"), as amended, 42 U.S.C. § 7522, by selling, and/or offering for sale certain Motor Vehicle parts or components, the principal effect of which is to bypass, defeat, or render inoperative a Motor Vehicle Emission-Related Element of Design or device.

Section 203(a)(3)(B) of the Act, 42 U.S.C. § 7522(a)(3)(B), prohibits any person from manufacturing, selling, offering for sale, or installing any part or component intended for use with, or as part of, any Motor Vehicle or Motor Vehicle Engine, where a principal effect of the part or component is to bypass, defeat, or render inoperative any device or element of design installed on or in a Motor Vehicle or Motor Vehicle Engine in compliance with regulations under Title II of the Act, and where the person knows or should know that such part or component is being offered for sale or installed for such use or put to such use.

The Complaint alleges that KX Wheels, 658736 B.C. LTD, Philip Sweeney, and Stuart McKeown sold and/or offered to sell numerous Aftermarket Performance Products intended for use with, or as part of, any Motor Vehicle or Motor Vehicle Engine, where a principal effect of the product is to bypass, defeat, or render inoperative a device or element of design installed on or in Motor Vehicles or Motor Vehicle Engines to control the emission of pollutants, and Defendants knew or should have known that the product is being offered for sale or installed for such use.

On April 21, 2021, EPA issued a Notice of Violation and Request to Provide Information to KX Wheels, Philip Sweeney, and Stuart McKeown pursuant to Section 208(a) of the Act,

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

42 U.S.C. § 7542(a) that notified Defendants that EPA had information indicating that Defendants had been selling Aftermarket Performance Products in violation of Section 203(a) of the Act and sought information about Defendants' sales of Aftermarket Performance Products since January 1, 2019.

The United States' Complaint seeks injunctive relief and the assessment of civil penalties.

Persons violating section 203(a)(3)(B) of the Act, 42 U.S.C. § 7522(a)(3)(B), are subject to civil penalties of up to $5,911 for each violation occurring on or after November 2, 2015, where penalties are assessed on or after January 8, 2025, in accordance with Sections 204(a) and 205(a) of the Act, 42 U.S.C. §§ 7523(a) and 7524(a). 40 C.F.R. § 19.4 (2025).

Pursuant to 42 U.S.C. § 7524(a), each part or component manufactured, sold, offered for sale, or installed in violation of Section 203(a)(3)(B) of the Act, 42 U.S.C. § 7522(a)(3)(B), is a separate violation.

The Parties recognize, and the Court, by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW THEREFORE, before taking any testimony, without the adjudication or admission of any issue of fact or law except as provided above, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, and DECREED as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 204 and 205 of the Act, 42 U.S.C. § 7523 and 7524, and over the parties. Venue is proper in the Eastern District of Washington pursuant to

*United States v. KX Wheels et al.*    4
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

28 U.S.C. §§ 1392(b)(2), 1391(c)(3), and 1395(a), as well as 42 U.S.C. §§ 7523 and 7524, because it is a judicial district where a substantial part of violations alleged in the Complaint are alleged to have occurred in. For purposes of this Decree, or any action to enforce this Decree, Defendants consent to the Court's jurisdiction over this Decree and any such action and over Defendants and consent to venue in this judicial district.

2.      For purposes of this Consent Decree, Defendants agree that the Complaint states claims upon which relief may be granted pursuant to Sections 204 and 205 of the Act, 42 U.S.C. § 7523 and 7524.

## II.    APPLICABILITY

3.      The obligations of this Consent Decree apply to and are binding upon the United States, and upon Defendants and any successors, assigns, or other entities or persons otherwise bound by law.

4.      No transfer of ownership or operation of their businesses, including real property, personal property (including Products), intellectual property, websites, customer lists, and supplier lists, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendants of their obligations to ensure that the terms of the Decree are implemented. At least 30 Days prior to such transfer, Defendants shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA, DOJ, and the United States Attorney for the Eastern District of Washington in accordance with Section XIV (Notices). Any attempt to transfer ownership or operation of their businesses without complying with this Paragraph constitutes a violation of this Decree.

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

5.    Defendants shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree. Defendants shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

6.    In any action to enforce this Consent Decree, Defendants shall not raise as a defense the failure by any of their officers, directors, employees, agents, or contractors, to take any actions necessary to comply with the provisions of this Consent Decree.

### III.    DEFINITIONS

7.    Terms used in this Consent Decree that are defined in the Act or in regulations promulgated pursuant to the Act have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions apply:

"Aftermarket Performance Product" means any part or component intended for use with, or as part of, any Motor Vehicle or Motor Vehicle Engine, where a principal effect of the part or component is to bypass, defeat, or render inoperative any device or element of design installed on or in a Motor Vehicle or Motor Vehicle Engine in compliance with regulations under Title II of the Act;

"Complaint" means the complaint filed by the United States in this action;

"Consent Decree" or "Decree" means this Decree and all appendices attached hereto (listed in Section XXIV);

"Day" means a calendar day unless expressly stated to be a business day. In computing any period of time for a deadline under this Consent Decree, where the last day would fall on a

*United States v. KX Wheels et al.*
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

Saturday, Sunday, or federal holiday, the period runs until the close of business of the next business day;

"Defendants" means KX Wheels, 658736 B.C. LTD, Philip Sweeney, and Stuart McKeown;

"DOJ" means the United States Department of Justice and any of its successor departments or agencies;

"EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies;

"Effective Date" means the definition provided in Section XV;

"Exempt Products" means products listed on Attachment A. The listing of any product on Attachment A shall not be construed as an indication that the product complies with or is exempt from United States laws. All products Defendants sell to or through persons in the United States must comply with the laws of the United States;

"Marketing Materials" means all materials or communications containing or conveying information that is generated or controlled by the Defendants to discuss, describe, or explain any of Defendants' products, in any form, including but not limited to electronic and hardcopy information used in advertisements, training materials, websites, online videos (e.g., YouTube), social media webpages (e.g., Facebook, Instagram) and user manuals or guides;

"Motor Vehicle" has the meaning provided in 42 U.S.C. § 7550(2) and 40 C.F.R. § 85.1703;

"Motor Vehicle Engine" means an internal combustion engine that powers a Motor Vehicle;

"Paragraph" means a portion of this Decree identified by an Arabic numeral;

*United States v. KX Wheels et al.*                    7
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

"Parties" means the United States and Defendants;

"Permanently Delete and/or Destroy" means (a) in the case of hardware, to crush the device and all of its parts or components to render them permanently useless; and (b) in the case of software, firmware, tunes, calibrations, or other programming, to completely and permanently erase all programming and information;

"Product" or "Products" means any part or component intended for use with, or as part of, any Motor Vehicle or Motor Vehicle Engine including, but not limited to, hardware (e.g. exhaust systems or piping), software, firmware, tunes, calibrations, or other programming (and devices on which such software, firmware, tunes, calibrations, or other programming are loaded);

"Section" means a portion of this Decree identified by a Roman numeral;

"Technical Support" means a range of services offered by Defendants to customers or dealers involving the provision of assistance or advice on the use, installation, or repair of products. Technical Support includes communications in or concerning product owners' and users' manuals; and answers to specific questions provided by phone, online, or in person;

"United States" means the United States of America, including its agencies, acting on behalf of EPA.

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

## IV.    CIVIL PENALTY

8.    Defendants shall pay the sum of $700,000 as a civil penalty as follows:

    a.    Within 30 Days after the Effective Date, Defendants shall pay $350,000 (United States dollars), together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

    b.    Within 365 Days after the Effective Date, Defendants shall pay $350,000 (United States dollars), together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

9.    Defendants shall pay the civil penalty due, together with interest, by FedWire Electronic Funds Transfer ("EFT") to the DOJ account, in accordance with instructions provided to Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Eastern District of Washington after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Defendants shall use to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

> Thomas H Barnard, Esq.
> Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
> 100 Light Street, 19th Floor
> Baltimore, Maryland 21202
> tbarnard@bakerdonelson.com

on behalf of Defendants. Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change to DOJ and EPA in accordance with Section XIV (Notices).

*United States v. KX Wheels et al.*　　　　9
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

10.     At the time of payment, Defendants shall send notice that payment has been made: (i) to EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail at EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; (ii) to DOJ via email in accordance with Section XIV (Notices); and (iii) to EPA via email in accordance with Section XIV (Notices). Such notice shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States v. KX Wheels, 658736 B.C. LTD, and Philip Sweeney and shall reference the civil action number, CDCS Number and DOJ case number 2025V00179.

11.     Defendants shall not deduct any penalties paid under this Decree pursuant to this Section or Section VII (Stipulated Penalties) in calculating its United States federal income tax (as applicable).

## V.     COMPLIANCE REQUIREMENTS

A.     Compliance with Applicable Law

12.     Defendants shall comply with all applicable requirements of the Act and its implementing regulations at 40 C.F.R. Parts 86, 1036, 1037, and 1068.

13.     Defendants shall comply with the customs laws of the United States, including Title 19 of the United States Code and Title 19 of the Code of Federal Regulations.

B.     Restrictions on Importing Certain Goods into the United States

14.     Defendants shall not cause, aid, or facilitate the offer for sale, sale, import, or distribution of any Products, except Exempt Products, to any person or entity in the United States or any United States territory.

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

15.    Defendants shall render inoperable any websites that enable third parties to acquire Products in the United States, except Exempt Products, either from Defendants or third-party manufacturers of Products.

16.    Defendants shall not establish any websites that enable third parties to acquire Products in the United States, except Exempt Products, either from Defendants or third-party manufacturers of Products.

C.    Destruction of Products

17.    No later than 45 Days after the effective date, Defendants shall Permanently Delete and/or Destroy all Products in the United States, except Exempt Products, in their possession or control, including Products available through a proprietary or cloud system.

18.    No later than 60 Days after the effective date, Defendants shall provide EPA with an accounting of Products destroyed pursuant to Paragraph 17. The accounting required by this paragraph must be submitted in accordance with Section XIV (Notices) and signed by Defendants and include the certification in Paragraph 23.

D.    Technical Support

19.    Defendants shall not offer or make available in the United States any Technical Support or other information (including Marketing Materials) pertaining to the installation, manufacture, sale, use, or repair of any Products, except Exempt Products.

## VI.    REPORTING REQUIREMENTS

20.    Annual Report. By no later than March 31 of each calendar year beginning in 2027, until termination of the Decree pursuant to Section XVIII (Termination), Defendants shall each, individually, submit a report to EPA that includes the following information categorized into separate sections for Exempt Products and all other products, as applicable:

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

a.    A description of all websites owned or operated by Defendants. The description shall include the website uniform resource locator, an indication of products advertised on the website (if any), an indication of the products available for purchase in the United States on the website (if any), and a description of any methods used to prevent the offer for sale or sale of Products to persons or entities in the United States.

b.    Invoices and shipping papers of all Products sold, distributed, or imported by Defendants, in the United States during the prior calendar year;

c.    Invoices and shipping papers of all Products sold, distributed, or imported in the United States by third parties through Defendants or Defendants' websites.

21.    Whenever any violation of this Consent Decree or any other event affecting Defendants' performance under this Decree may pose an immediate threat to the public health or welfare or the environment, Defendants shall notify EPA according to Section XIV (Notices), as soon as possible, but no later than 24 hours after Defendants first knew of the violation or event. This procedure is in addition to the requirements set forth in the preceding Paragraph.

22.    All reports shall be submitted according to Section XIV (Notices).

23.    Each report submitted by Defendants under this Section shall be signed by the applicable Defendant or Defendants and include the following certification:

> I certify under penalty of perjury that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

24.     This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

25.     The reporting requirements of this Consent Decree do not relieve Defendants of any reporting obligations required by the Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

26.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII.    STIPULATED PENALTIES

27.     Defendants shall, individually, be liable for stipulated penalties to the United States for their own violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Decree, including any work plan or schedule approved under this Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

28.     Late Payment of Civil Penalty. If Defendants fail to pay the civil penalty required to be paid under Section IV (Civil Penalty) when due, Defendants shall pay a stipulated penalty of $1,000 per Day for each Day that the payment is late.

29.     The following stipulated penalties shall accrue for each violation of the requirements identified in Section V (Compliance Requirements) of this Consent Decree:

| Violation | Stipulated Penalty |
|---|---|
| For failure to comply with the applicable requirements of the Act and Parts 86, | $10,000 per occurrence. |

*United States v. KX Wheels et al.*          13
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

| | |
|---|---|
| 1036, 1037, and 1068 in violation of Paragraph 12: | |
| For violations of customs laws of the United States, including Title 19 of the United States Code and Title 19 of the Code of Federal Regulations in violation of Paragraph 13: | $10,000 per occurrence. |
| For causing, aiding, or facilitating the offer for sale, sale, import, or distribution of any Products, except Exempt Products, to any person or entity in the United States or any United States territory in violation of Paragraph 14: | $10,000 per Product per occurrence. |
| For failure to render inoperable any websites that enable third parties to acquire Products in the United States, except Exempt Products, either from Defendants or third-party manufacturers of Products in violation of Paragraph 15: | Period of Noncompliance / Penalty Per Day Per Violation<br><br>Days 1-15 — $ 1,000<br>Days 16-30 — $ 1,500<br>Days 31 and later — $ 2,000 |
| For establishing any websites that enable third parties to acquire Products in the United States, except Exempt Products, either from Defendants or third-party manufacturers of Products in violation of Paragraph 16: | Period of Noncompliance / Penalty Per Day Per Violation<br><br>Days 1-15 — $ 1,000<br>Days 16-30 — $ 1,500<br>Days 31 and later — $ 2,000 |
| For failure to Permanently Delete and/or Destroy all Products in the United States, except Exempt Products, in Defendants' possession and control, included Products available through a proprietary or cloud system in violation of Paragraph 17: | $10,000 per Product per occurrence |
| For failure to provide EPA with an accounting of Products destroyed pursuant to Paragraph 17 in violation of Paragraph 18: | Period of Noncompliance / Penalty Per Day Per Violation<br><br>Days 1-15 — $ 1,000<br>Days 16-30 — $ 1,500<br>Days 31 and later — $ 2,000 |
| For offering or making available in the United States any Technical Support or other information (including Marketing Materials) pertaining to the installation, manufacture, sale, use, or repair of any Product, except Exempt Products in violation of Paragraph 19. | $5,000 per occurrence |

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

30.     Reporting Requirements. The following stipulated penalties shall accrue per violation per Day for each violation of the reporting requirements of Section VI (Reporting Requirements) of this Consent Decree:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 15th Day |
| $1,500 | 16th through 30th Day |
| $2,000 | 31st Day and beyond |

31.     Transfer of Ownership. If any Defendant fails to: (a) provide a copy of this Consent Decree to any proposed transferee; (b) provide written notice to the United States at least 30 Days prior to any transfer of any portion of Defendant's business; or (c) provide a copy of the proposed written agreement with the transferee as required by Paragraph 4, Defendants shall pay a stipulated penalty of $10,000 per occurrence.

32.     Any Other Non-Compliance with the Consent Decree. The following stipulated penalties shall accrue per violation per Day for each violation of any requirement of this Consent Decree not otherwise enumerated above:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 15th Day |
| $1,500 | 16th through 30th Day |
| $2,000 | 31st Day and beyond |

33.     Penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

34.     Affected Defendants shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.

*United States v. KX Wheels et al.*          15
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

35.    The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

36.    Stipulated penalties shall continue to accrue as provided in Paragraph 33, during any Dispute Resolution, but need not be paid until the following:

a.    If the dispute is resolved by agreement of the Parties or by a decision of EPA that is not appealed to the Court, Defendants shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

b.    If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendants shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.    If any Party appeals the District Court's decision, Defendants shall pay all accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

37.    Defendants shall pay stipulated penalties owing to the United States in the manner set forth in Paragraph 9 and with the confirmation notices required by Paragraph 10, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

38.    If Defendants fails to pay stipulated penalties according to the terms of this Consent Decree, Defendants shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

be construed to limit the United States from seeking any remedy otherwise provided by law for Defendants' failure to pay any stipulated penalties.

39.     The payment of penalties and interest, if any, shall not alter in any way Defendants' obligation to complete the performance of the requirements of this Consent Decree.

40.     Non-Exclusivity of Remedy. Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree. Subject to the provisions of Section XI (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for Defendants' violation of this Decree or applicable law, including but not limited to an action against Defendants for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt. However, the amount of any statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

## VIII.   FORCE MAJEURE

41.     "Force majeure," for purposes of this Consent Decree, means any event arising from causes beyond the control of Defendants, of any entity controlled by Defendants, or of Defendants' contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Defendants' best efforts to fulfill the obligation. Given the need to protect public health and welfare and the environment, the requirement that Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure and best efforts to address the effects of any potential force majeure (a) as it is occurring and (b) following the potential force majeure, such that any delay or non-performance is, and any adverse effects of the delay or non-performance are, minimized to the greatest extent possible.

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

"Force majeure" does not include financial inability to perform any obligation under this Consent Decree.

42.    If any event occurs for which Defendants will or may claim a force majeure, Defendants shall provide notice to EPA pursuant to Section XIV (Notices). The deadline for the notice is three days after Defendants first knew or should have known that the event would likely delay or prevent performance. Defendants shall be deemed to know of any circumstance of which any contractor of, subcontractor of, or entity controlled by Defendants knew or should have known.

43.    If Defendants seek to assert a claim of force majeure concerning the event, Defendants shall submit, within seven Days after the notice under Paragraph 42, a further notice to EPA that includes (a) an explanation and description of the event and its effect on Defendants' completion of the requirements of the Consent Decree; (b) a description and schedule of all actions taken or to be taken to prevent or minimize the delay and/or other adverse effects of the event; (c) if applicable, the proposed extension of time for Defendants to complete the requirements of the Consent Decree; (d) Defendants' rationale for attributing such delay to a force majeure if it intends to assert such a claim; (e) a statement as to whether, in the opinion of Defendants, such event may cause or contribute to an endangerment to public health or welfare or the environment; and (f) all available proof supporting any claim that the delay was attributable to a force majeure.

44.    Failure to submit a timely or complete notice or claim under Paragraphs 42 or 43 regarding an event precludes Defendants from asserting any claim of force majeure regarding that event, provided, however, that EPA may, in its unreviewable discretion, excuse such failure

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

if it is able to assess to its satisfaction whether the event is a force majeure, and whether Defendants have exercised their best efforts, under Paragraph 41.

46. After receipt of any claim of force majeure, EPA will notify Defendants of its determination whether Defendants are entitled to relief under Paragraph 41, and, if so, the excuse of, or the extension of time for, performance of the obligations affected by the force majeure. An excuse of, or extension of the time for performance of, the obligations affected by the force majeure does not, of itself, excuse or extend the time for performance of any other obligation.

46. If Defendants elect to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution), it shall do so no later than 15 Days after receipt of EPA's notice. In any such proceeding, Defendants have the burden of proving that they are entitled to relief under Paragraph 41, that their proposed excuse or extension was or will be warranted under the circumstances, and that they complied with the requirements of Paragraphs 41 through 43. If Defendants carry this burden, the delay or non-performance at issue shall be deemed not to be a violation by Defendants of the affected obligation of this Consent Decree identified to EPA and the Court.

## IX.    DISPUTE RESOLUTION

47. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Defendants' failure to seek resolution of a dispute under this Section concerning an issue of which it had notice and an opportunity to dispute under this Section prior to an action by the United States to enforce any obligation of Defendants arising under this Decree precludes Defendants from raising any such issue as a defense to any

*United States v. KX Wheels et al.*                    19
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

such enforcement action. The only Defendants required to participate in a particular dispute resolution are those individual Defendants affected by the particular dispute.

48.     Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Defendants send DOJ and EPA a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 30 Days after the conclusion of the informal negotiation period, Defendants invoke formal dispute resolution procedures as set forth below.

49.     Formal Dispute Resolution. Defendants shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by sending DOJ and EPA a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendants' position and any supporting documentation relied upon by Defendants.

50.     The United States will send Defendants its Statement of Position within 45 Days of receipt of Defendants' Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position is binding on Defendants, unless Defendants file a motion for judicial review of the dispute in accordance with the following Paragraph.

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

51.    Judicial Dispute Resolution. Defendants may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XIV (Notices), a motion requesting judicial resolution of the dispute.  The motion (a) must be filed within ten Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph; (b) may not raise any issue not raised in informal dispute resolution pursuant to Paragraph 48, unless the Plaintiffs raise a new issue of law or fact in the Statement of Position; (c) shall contain a written statement of Defendants' position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and (d) shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

52.    The United States shall respond to Defendants' motion within the time period allowed by the Local Rules of this Court.  Defendants may file a reply memorandum, to the extent permitted by the Local Rules.

53.    Standard of Review

a.    Disputes Concerning Matters Accorded Record Review. Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 51 pertaining to the adequacy or appropriateness of plans, procedures to implement plans, schedules or any other items requiring approval by EPA under this Consent Decree; the adequacy of the performance of work undertaken pursuant to this Consent Decree; and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, Defendants shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

b.    Other Disputes. Except as otherwise provided in this Consent Decree, in

*United States v. KX Wheels et al.*                    21
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

any other dispute brought under Paragraph 51, Defendants shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

54.    The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendants under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 36.  If Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

## X.    INFORMATION COLLECTION AND RETENTION

55.    The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any facility located in the United States covered by this Consent Decree and to inspect any products or goods imported into the United States by or through Defendants, at all reasonable times, upon presentation of credentials, to:

a.    monitor the progress of activities required under this Consent Decree;

b.    verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

c.    obtain samples and, upon request, splits of any samples taken by Defendant or its representatives, contractors, or consultants;

d.    obtain documentary evidence, including photographs and similar data; and

e.    assess Defendants' compliance with this Consent Decree.

*United States v. KX Wheels et al.*                    22
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

56. Upon request, Defendants shall provide EPA or its authorized representatives splits of any samples taken by Defendants. Upon request, EPA shall provide Defendants splits of any samples taken by EPA.

57. Until five years after the termination of this Consent Decree, Defendants shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in their or their contractors' or agents' possession or control, or that come into their or their contractors' or agents' possession or control, and that relate in any manner to Defendants' performance of their obligations under this Consent Decree. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the United States, Defendants shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

58. At the conclusion of the information-retention period provided in the preceding Paragraph, Defendants shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendants shall deliver any such documents, records, or other information to EPA. Defendants may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendants assert such a privilege, it shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document,

*United States v. KX Wheels et al.*                23
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

record, or information; and (f) the privilege asserted by Defendants. However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege. Defendants may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to any information that Defendants seek to protect as CBI, Defendants shall follow the procedures set forth in 40 C.F.R. Part 2.

59.    This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendants to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XI.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

60.    This Consent Decree resolves only the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging.

61.    The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 60. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, Defendants' sale or offer to sell Products whether related to the violations addressed in this Consent Decree or otherwise.

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

62.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to a particular Defendant's violations, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, claim preclusion (res judicata), issue preclusion (collateral estoppel), claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 60.

63.    This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Defendants are responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendants' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendants' compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, 42 U.S.C. § 7401 et seq., or with any other provisions of federal, State, or local laws, regulations, or permits.

64.    This Consent Decree does not limit or affect the rights of Defendants or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendants, except as otherwise provided by law.

65.    This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

## XII.   ENFORCEMENT IN BRITISH COLUMBIA, CANADA

66.   Defendants consent to recognition and enforcement of this Consent Decree in the Supreme Court of British Columbia for the purposes of enforcement of Section IV (Civil Penalty), Section V (Compliance Requirements), and Section VII (Stipulated Penalties).

67.   The Parties consent to filing of the proposed consent judgment, included as Appendix B, in the Supreme Court of British Columbia. The United States shall provide Defendants with written notice at least 30 days prior to filing the proposed consent judgment in the Supreme Court of British Columbia. The United States may file the proposed consent judgment against one or more Defendants based upon each individual Defendant's compliance with this Consent Decree.

68.   Defendants shall not challenge the amount or legality of the civil penalty or any stipulated penalties in any proceeding before the Supreme Court of British Columbia to enforce Section IV (Civil Penalty) or Section VII (Stipulated Penalties).

## XIII.   COSTS

69.   The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendants.

## XIV.   NOTICES

70.   Unless otherwise specified in this Decree, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and sent by email addressed as follows:

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

As to DOJ:               Derek Taylor
                         eescdcopy.enrd@usdoj.gov &
                         derek.taylor@usdoj.gov
                         Re: DJ # 2025V00179

As to EPA:               Sara Conley
                         Conley.Sara@epa.gov &
                         R10enforcement@epa.gov
                         Re: United States v. KX Wheels et al.
                         Civil Action Number assigned to this case

As to Defendants:        Thomas Barnard
                         tbarnard@bakerdonelson.com

                         Ray McKenzie
                         rmckenzie@milesstockbridge.com

71.    Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

72.    Notices submitted pursuant to this Section shall be deemed submitted upon transmission by email, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XV.    EFFECTIVE DATE

73.    The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XVI.    RETENTION OF JURISDICTION

74.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections IX and XVII, or effectuating or enforcing compliance with the terms of this Decree.

*United States v. KX Wheels et al.*                27
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

## XVII.  MODIFICATION

75.     The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court. Written agreements by Parties to changes in schedule, including any deadlines in Sections V of less than one year are not material changes. Written changes to Appendix A are not material changes.

76.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section IX (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 53, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVIII. TERMINATION

77.     After Defendants have completed the requirements of Section V (Compliance Requirements), have thereafter maintained continuous satisfactory compliance with this Consent Decree for a period of five years, have complied with all other requirements of this Consent Decree, and have paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, Defendants may serve upon the United States a Request for Termination, stating that Defendants have satisfied those requirements, together with all necessary supporting documentation.

78.     Following receipt by the United States of Defendants' Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendants have satisfactorily complied with the requirements for

*United States v. KX Wheels et al.*                    28
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

79.     If the United States does not agree that the Decree may be terminated, Defendants may invoke Dispute Resolution under Section IX. However, Defendants shall not seek Dispute Resolution of any dispute regarding termination until 60 Days after service of their Request for Termination.

80.     If Defendants fail to submit a Request for Termination or fail to sign a joint stipulation terminating the Decree, and the United States has sufficient information to determine that Defendants have met the requirements for termination under Paragraph 77, the United States, after notice to the Defendants, may file a motion to terminate the Decree.

81.     If the United States does not have sufficient information to determine whether Defendants have met the requirements for termination under Paragraph 77, the United States may request additional information from Defendants, which Defendants shall provide within 30 days of receiving the United States' request.

## XIX.   PUBLIC PARTICIPATION

82.     This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Defendants consent to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

challenge any provision of the Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Decree.

## XX.    SIGNATORIES/SERVICE

83.    Each undersigned representative of the Defendants and the United States Attorney for the Eastern District of Washington identified on the DOJ signature page below, certifies that that person is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

84.    This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. Defendants agree to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XXI.    INTEGRATION

85.    This Consent Decree, including deliverables that are subsequently approved pursuant to this Decree, constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the Decree herein.

## XXII.    HEADINGS

86.    Headings to the Sections and Subsections of this Consent Decree are provided for convenience and do not affect the meaning or interpretation of the provisions of this Consent Decree.

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

## XXIII. FINAL JUDGMENT

87.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendants.

## XXIV. APPENDICES

88.    Appendix A includes a list of Exempt Products.

89.    Appendix B includes a proposed consent judgement of the Supreme Court of British Columbia.

Dated and entered this 5th day of ___August___, 20 26.

Thomas O. Rice
_____
Thomas O. Rice
UNITED STATES DISTRICT JUDGE

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

*United States v. KX Wheels et al.*    32
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

Date: April 14, 2026

JOSEPH P. DERRIG
Civil Chief
Office of the United States Attorney for the
Eastern District of Washington
United States Department of Justice

Date: April 14, 2026

DEREK TAYLOR
Assistant United States Attorney
Office of the United States Attorney for the
Eastern District of Washington
United States Department of Justice

*United States v. KX Wheels et al.*                    33
Consent Decree

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

WE HEREBY CONSENT to the entry of the Consent Decree in *United States v. KX Wheels et al.*, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Date: 5/11/2026

BEVERLY LI
Regional Counsel
U.S. Environmental Protection Agency, Region 10
1200 Sixth Avenue, M/S ORC-113
Seattle, Washington 98101

Date: 5/7/2026

BRETT S. DUGAN
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 10
1200 Sixth Avenue, M/S ORC-113
Seattle, Washington 98101

*United States v. KX Wheels et al.*          34
Consent Decree

FOR DEFENDANTS KX WHEELS,
658726 B.C. LTD, AND PHILIP SWEENEY:

Date: April 14/2026

PHILIP SWEENEY


FOR DEFENDANTS KX WHEELS,
658726 B.C. LTD, AND PHILIP SWEENEY:

Date: April 15, 2026

THOMAS H. BARNARD
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

Docusign Envelope ID: D53153F3-BE14-4180-B693-A36AF1236073

FOR DEFENDANT STUART MCKEOWN:

Date: 4/15/2026

Signed by:

*Stu Mckeown*

CD71076E77CA413...

STUART MCKEOWN

FOR DEFENDANT STUART MCKEOWN:

Date: 04/15/2026

RAY D. MCKENZIE
MILES & STOCKBRIDGE P.C.